Tompkins J.,
delivered the opinion of the Court.
On the 7th of August, 1832, Yantis filed his hill against ¿urdett, stating that on the 11th May, 1829, he, together with Benjamin F. Yantis and Joseph P. Letcher, executed their promissory note to said Burdett, the defendant, payable on the 11th November then next, for the sum of one thousand dollars; that sometime thereafter, said Burdett commenced suit against the complainant in the Circuit Court of Garrard county, in the State of Kentucky; and that, at the September term of the said Court for the year 1831, judgment was rendered in said suit for the sum due and interest at the rate of six per cent, per year till paid, subject however to a deduction for interest paid till the first day of July, 1831; and that said Burdett then instituted a suit against the complainant in the Circuit Court of Lafayette county, in this State, on the judgment so rendered in Kentucky; and at the June term thereof, fox the year 1832, had judgment against the complainant for the sum of one thousand *322 dollars debt and fifty-five dollars thirty-eight and a half cents damages. The com~-plainant then alledged that, on or about the first day of July, 1831, Benjamin 3?. Yantis, one of the makers of the promissory note aforesaid, paid the defendant one hundred dollars, for which no credit was given; and that Burdett, the defendant, caused- to be taken on execution in the State of Kentucky, property in the possession of the complainant, to satisfy the judgment aforesaid, to the amount of about seven hundred and thirty dollars, which property was claimed' by one John Buford, who, in compliance with the laws of Kentucky, gave the Sheriff,' for the use of said Bur-dett, his bond for the payment of that sum of money, to he paid in the event the property levied on should he found to belong to the complainant; that it was yet unknown to the complainant to whom that property was decided to belong; and that the defendant is now proceeding under the law of' Kentucky to make the money, for which the judgment was there obtained as aforesaid; and has actually sold'property of the complainant to the amount of fifty dollars, for which no credit is given, and prays an injunction, &c. Burdett, answering, admits the origin of the debt, judgment and proceedings under it in Kentucky, but says that the property levied on was valued at only four hundred and ninety-five dollars ; and that he has not yet made any thing from the property so levied on; he admits that the complainant is entitled to a. credit of $10 39, the amount of money by him received for property of the com-plainant sold in Kentucky, to satisfy said judgment. He admits, also, the payment of one hundred dollars, but says that it was applied to the payment of the interest, accrued before the judgment in Kentucky. The Circuit Court decreed for the complainant,, and made the injunction perpetual as to five hundred and five dollars- and thirty-nine cents. On the part of the complainant it is contended that this is a. case of exclusive- Chancery jurisdiction. He admits that if property to the full amount of the execution had been levied on,.such levy might have been pleaded in bar; and that this Court did, in the case of Bailey against Gentry and wife, decide that it was error to allow a second execution to issue before the return of the first, showing that the judgment was not satisfied; yet itis contended that no case can be found in which a levy of part of the amount of the judgment, can he pleaded in bar to an action on that judgment. This may be true; the defendant in this bill has produced before this Court no such case.. It may he that none before him was ever hold enough to sue on a judgment, while he was attempting to raise by execution the money to satisfy such judgment.
But if a Court of'Law would refuse a second execution, before the return of the first not satisfied, can it he presumed that the same Court would entertain an action on a judgment while the plaintiff was endeavoring to raise money by execution, to satisfy the same judgment ? It seems plain, that a plea setting forth that matter would he a good defence. The bill does not disclose the state of the pleadings in the suit at law; and'for any thing disclosed in it, that matter may have been in issue and found against the complainant. It is not pretended that the complainant was ignorant of the payment of the sums of money admitted by the defendant’s answer. Two judgments, it appears from his own statement in the bill, to have been had. against him since the payment of the sum of'one hundred dollars by Benjamin F. Yantis, on or about the first day of July, 1831; and one, we may presume, since the payment of the sum of ten dollars and thirty-nine cents, admitted by the defendant. A Court of'Equity would he a very mischievous thing, if it wer.e to open a judgment at law, to allow a defendant to prove a payment, which hs had been to® *323 negligent to prove on the trial at law. . For no fraud or concealment appears on the part of the defendant to require the interposition of a Court of Equity. But if we look behind these two judgments at law, in both of which the complainant has neglected to prove the payment of the one hundred dollars paid by B. F. Yantis, we find that the interest on one thousand dollars, from 11th. November, 1829, when the note became due, till 11th July, 1831, is precisely one-hundred dollars. The judgment rendered against him in Kentucky is for the principal sum and interest till paid, subject to a credit of interest till first July, 1831so that, if this Court were to aid him, he would be relieved of the payment of one dollar and eighty-two cents only of that sum, and the sum of ten dollars thirty-nine cents, which the complainant admits he is entitled to, but which, for any thing here shown, the complainant might have obtained an allowance for before the Circuit Court in this State,, had he used ordinary diligence. It may be here observed that the complainant has not ventured to call the property levied on in, Kentucky his own.
Under no circumstances,’perhaps, would a Court of Chancery stay a judgment at law for the paltry sums of one dollar eighty-two cents, and ten dollars thirty-nine-cents, unless in cases of the grossest fraud. But here there is no evidence of fraud on the part of the defendant, hut of the most gross negligence on the part of the' complainant. The decree of the Circuit Court ought therefore, in the opinion of thÍ3Court, to be reversed, the injunction dissolved, and the complainant’s bill dismissed:,, and it is so ordered to.be done..