are the judges so bound by the facts returned to a writ of *habeas corpus,* that they cannot discharge a prisoner, where it appears most manifestly that the facts returned are false, and that he is illegally restrained? They all answer that they are not so bound by the return.

A judgment is evidence of what is stated in it, but it is not evidence of matters out of it, such as that the offence was committed on the day alleged in the indictment; but it may be shown that it was committed on another day, because the time is not traversable. 1 Phil. Ev. 317; Ex parte *Watkins,* 3 Peters, 193.

PER CURIAM.* The case before us appears to have been the result of a voluntary contract, on the part of the petitioner, and under all the circumstances, we are not disposed to disturb it. We can se no good reason for the interference of the Court in the manner proposed, and will, therefore, leave thepetitioner to seek a remedy, if any he has, by the prosecution of a writ of error, which he may yet do, not being barred by the Statute of Limitations. The motion is denied.

*Motion denied.*

GEORGE FRAZIER *et al. v.* WILLIAM LAUGHLIN *et al.*
JOHN DOE, *ex. dem.* WILEY *et al. v.* JOHN BEAN *et al.*

*Motion to file amended Bill of Exceptions.*

A bill of exceptions was, on motion, allowed to be amended by the Judge who tried the cause, by affixing his seal thereto, although the Judge was not in office at the time of such amendment.

IN the former case, the bill of exceptions was signed by the Hon. Stephen A. Douglass, and in the latter by the Hon. Peter Lott. It has been the practice with counsel, in drawing

---

* TREAT, J. declined hearing the motion in this cause, or taking any part whatsoever in the decision.

up bills of exceptions, to add the usual seal or scrawl at the close thereof, before presenting the same to the Court for approval; and the Court below, in these cases, did not notice that the seal was omitted. When the causes came up for hearing in this Court, both of the Judges, who presided at the trial, were out of office. Motions were therefore made, with argument, to permit the Ex-Judges to annex their seals to their respective signatures in the said bills, though one of the causes had been argued in chief.

. *J. A. McDougall,* for Frazier *et al.; A. Williams & A. Johnston,* for Wiley *et al.*

The only question is, whether a Judge, *out of office,* can seal a bill of exceptions. The Court is referred to the following authorities in support of the motion. *Gibson* v. *Bailey,* 9 New Hamp. 169, 176; *Shepherd* v. *White,* and *Campbell* v *Shult,* 3 Cowen, 33; *Lyons* v. *Rood,* 11 Verm. 165.

*O. H. Browning & N. Bushnell,* for the defendants.

The only provision in our statutes in relation to bills of exceptions, is to be found in the Practice Act, § 19, R. L. 491; Gale's Stat. 553.

This Court has decided that the seal of the bill of exceptions is essential. *Jones* v. *Sprague,* 2 Scam. 55. It was also so held in *Davis* v. *Wilson,* 2 Harris & Johns. 445.

The Judge who decided the case must sign and seal the bill; and this he must do while in office, and under the sanction of his official oath; and for the exercise of which the law will hold him responsible as such officer. His successor cannot do it.

The bill must be signed *as a Court*—not by the members thereof severally and out of Court. *Clark* v. *Dutcher,* 19 Johns. 247.

The bill of exceptions is a creature of the statute; and it must be complied with in form and substance. *Stewart* v. *Hawley,* 22 Wend. 564.

The Judge who tries the cause must seal and sign the bill, or it is a nullity, if done by his successor, or any other Judge.

Martin *v.* Dryden *et al.*

*Law* v. *Jackson*, 8 Cowen, 747; *Consaul* v. *Lidell*, 7 Missouri, 251.

A clerk out of office cannot amend a record made by him while clerk. *Hartwell* v. *Littleton*, 13 Pick. 229; *Taylor* v. *Henry*, 2 do. 402; *Wells* v. *Battelle*, 11 Mass. 481; *Acheson* v. *Western Reserve Bank*, 8 Ohio, 118.

The Judge must sign and seal the bill during the same term. *Givens* v. *Bradley*, 3 Bibb, 195. It must be taken within the time the statute allows. *Higbee* v. *Sutton*, 14 Verm. 555.

A party is not entitled to a *certiorari* after argument, or even after joinder in error. *Cheetham* v. *Tillotson*, 4 Johns. 509.

Motion allowed—*Lockwood, J.* dissenting.

*Motion allowed.*

JOHN T. MARTIN, impleaded with Charles A. Warfield, appellant, *v.* JOSHUA DRYDEN *et al.*, appellees.

*Appeal from Madison.*

A direct and positive denial in an answer to a bill in Chancery, responsive to an allegation therein, must be controverted by two witnesses, or one witness and strong corroborating circumstances, or by other proof equivalent.

It is a general rule, that the answer of one defendant is not evidence against his co-defendant; but it does not apply to cases, where the other defendant claims under him. This doctrine, however, is too general in its terms, as an exception to the general rule, for where one is nominally, not substantially, a defendant, and his interest is identified with the complainants, his answer cannot be used against a co-defendant.

It is, also, a general rule in Equity, that all persons in interest should join as plaintiffs, or be made defendants; and advantage may be taken of a want of proper parties, by demurrer to the bill, or at the hearing, or upon re-hearing, or upon appeal. But to this rule there are exceptions. Where the parties form a voluntary association, for public or private purposes, those who sue, or defend, may fairly be presumed to represent the rights and interests of the whole.

Where a question is purely cognizable in a Court of Law, but depending upon a discovery, the latter will give a Court of Equity jurisdiction, and, upon obtaining the discovery, Equity, having acquired jurisdiction, will retain the cause and proceed, and give full relief, without driving the party to a Court