WILLIAM BOSBYSHELL, Respondent, v. SUMMERS & HERRON, Appellants.

*Practice* — *Default* — *Negligence*—*New Trial.*—To authorize the setting aside of a judgment on account of the want of defence at the trial, the defendant must show that all due diligence has been used by himself and his attorneys.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action instituted in March, 1865, against appellants for four hundred dollars, for injuries done to plaintiff's carriage by the careless and negligent driving of a dray by defendants. The answer was a general denial, and alleged that the accident occurred by plaintiff's neglect. Upon the trial, defendants not appearing, the plaintiff called and examined several witnesses, and the court rendered judgment for plaintiff for four hundred dollars.

Afterwards defendants filed a motion to set aside the judgment and grant a new trial, for the reasons—1. Because defendants have a full and meritorious defence to the action

of plaintiff; 2. Because the clerk, in making up the docket, failed to place the names of defendants' attorneys on the same, and the cause was therefore overlooked by said attorneys; 3. Because said attorneys, some two weeks before the trial, sent defendant Summers to the clerk's office to inquire when said case was set for trial; that said Summers did inquire at the office, and was told it was set for the 15th of August, and so reported to his attorneys; 4. For the reasons set forth in the accompanying affidavits.

Appellants then filed the following affidavits in support of said motion :

L. M. Shreve, sworn, says : "At the commencement of the present term of court, I examined the docket of cases due to the 15th of August, and overlooked the case of Bosbyshell v. Summers & Herron as my name was not marked on the docket to this case. I did not observe the name of Mr. Sanders marked, and, though examining with reference to this and the causes, failed to notice it. Affiant states he believes defendants have a good defence to this action and has so advised them, and therefore prays the court to set said default aside that they may make the same.

Daniel Summers on his oath says, that some two weeks ago he called at the office of Shreve & Sanders, his attorneys in the above case, and was sent by them to the office of the Law Commissioner's Court to inquire when the said case would be called up for trial; that he went to the said clerk's office and inquired of a person who seemed to be the clerk, and was informed by him that the case of Bosbyshell v. Summers & Herron would be tried on the 15th of August, and that relying on said information he so reported to his said attorneys, and that this is the reason he was not present at the trial. He further states that he has a complete and meritorious defence to the action of plaintiff, which he will make if a new trial be granted.

The following affidavits were filed against the motion :

William C. Huffman, clerk of the said court, on his oath saith, that no person ever made inquiry of him as to the set-

ting of the above entitled cause; that he did not give any incorrect information to said Summers as to the trial day of said cause, and did not tell him that the same was set for the 15th of August; that the docket of the present term has been set since the 24th day of July, 1865, giving the names of parties and attorneys and date of trial, and accessible to attorneys and parties; that if any inquiry had been made of him, he would only have answered the inquiry by first looking at the docket or index, and could not and did not inform any person that said cause was set for trial for any other day than the day for which it was originally set, viz., the 10th of August, 1865.

William Herthel, the deputy clerk of the court, says that he wrote the docket of cases for the present term, and wrote the name of Mr. Sanders, as attorney of defendants, opposite the name of defendants, as the same now appears; that the said docket has been set since the 24th of July, 1865; that he has no recollection of any person inquiring of him about the setting of said cause at this term; that it is his invariable practice when such inquiries are made, to refer the parties to the docket itself, or to examine it himself, or the index, before answering such inquiries; that from this invariable practice he is confident that he never gave said Summers any incorrect information about the trial day of said cause at this term, and that he never informed him that the case was set for any day other than the day for which it was originally set, viz., the 10th day of August, 1865.

The defendants' motion for a new trial was thereupon overruled, and defendants excepted, and this was the only exception taken through the whole proceeding.

*Krum, Decker & Krum,* for respondent.

I. The appeal in this case is transparently frivolous, and the judgment ought to be affirmed with ten per cent. damages. The appellants have presented nothing here for review except the refusal of the court to set aside the judgment and grant a new trial.

II. The defendants, by the affidavits, show that by their own neglect and the neglect of their attorneys they omitted to attend at the trial, and for that reason it would have been error for the lower court to grant them a new trial—Boernstein v. Heinrichs, 24 Mo. 26; Jacob v. McKean, 24 Mo. 40 (Shreve, att'y); Stout v. Calvert, 6 Mo. 254; Steigers v. Darby, 9 Mo. 679; 19 Mo. 151.

III. *A fortiori*, the defendants before they appealed knew that this court had firmly established the rule not to interfere with the discretion of the trial court in refusing to set aside a default, unless the trial court grossly abused this discretion—Florez v. Uhrig, 35 Mo. 519, and cases there cited.

IV. The case then shows (*a*) palpable neglect of the party in the lower court; (*b*) an appeal made August, 1865, and a failure to file the transcript before the 24th of October—long after the appeal was returnable; (*c*) a failure to assign errors up to this trial, 23d November, 1866; and, finally, no merits in the record.

Respondent submits that ten per cent. damages ought to be awarded upon the affirmance.

*Shreve & Sanders*, for appellants.

WAGNER, Judge, delivered the opinion of the court.

The affidavits filed on both sides show that the appellants and their attorneys were guilty of the most culpable neglect in failing to advise themselves of the time the cause was set for trial, and in not appearing to attend to it at the trial day. Under the established practice of this court, there is nothing to justify a reversal of the judgment. No steps have been taken to prosecute the appeal, nor has there been any assignment of errors filed.

Let the judgment be affirmed.

The other judges concur.