JOHN F. PATTERSON et al., Appellants, v. C. D. YANCEY et al., Respondents.

| 97 | 681 |
|---|---|
| h99 | 4432 |

St. Louis Court of Appeals, January 20, 1903.

1. **Change of Venue: BILL OF EXCEPTIONS; WHO SHALL SIGN: JUDGE: AUTHORITY TO SIGN BILL OF EXCEPTIONS.** Where a change of venue was granted, and the cause tried by the judge of the circuit of the county to which the change belonged, and after the denial of a new trial, and before the expiration of the time fixed for the filing of the bill of exceptions, such county was taken out of the circuit presided over by the judge who tried the cause, and attached to another circuit, such fact did not deprive the judge trying the cause, who still remained in office, of jurisdiction to settle and sign the bill of exceptions.

2. **———: ACTION TO RESTRAIN COLLECTION OF JUDGMENT: PLEADING: JUDGMENT BY DEFAULT: STATUTE OF LIMITATIONS: APPEAL: WRIT OF ERROR.** A suit to restrain the collection of a default judgment can not be maintained on the ground that the pleadings showed that the action was barred by the statute of limitations, such objection being available by appeal or writ of error.

3. **Action: PAROL EVIDENCE: RETURN OF SHERIFF: HOW CONTRADICTED: SERVICE.** In an action to restrain the collection of a default judgment, parol evidence is admissible to prove a mistake of the clerk in filling out the copies of the writs of summons, requiring the defendant to appear at the December term instead of the April term.

4. **Mistake of Clerk in Filling Blanks in Writ of Summons: PRACTICE, TRIAL: APPEARANCE BY ATTORNEYS.** Where several defendants appeared at the April term of the circuit court, by attorney, and answered the petition, the fact that the clerk by mistake made the copies of summons served on them returnable at the December term following was immaterial.

5. **Attorney At Law: AUTHORITY OF ATTORNEY TO ACT FOR CLIENT: EVIDENCE.** Where three attorneys were employed to defend in an action, evidence of one of such attorneys that one of the defendants did not engage him to act as his attorney, without any showing as to the authority of the other attorney to represent such defendant, was sufficient to establish that such attorneys had no authority to appear for him in the action.

6. **Action**: JUDGMENT: WHEN SET ASIDE: MISTAKE OF CLERK. When a copy of the summons served on one of the several defendants required him to appear at the December term instead of the April term, at which an answer was filed by the other defendants, and a change of venue granted to another county, after which a default judgment was entered against all of the defendants, and there was evidence that such defendant was misled by the mistake in the summons, and authorized no appearance for him but intended to employ an attorney to appear at the December term, the judgment as to him should be set aside.

7. **Change of Venue**: DUTY OF PARTIES: JUDGMENT BY DEFAULT: STATUTORY CONSTRUCTION. Section 825, Revised Statutes 1899, provides that, after a change of venue, the clerk shall transcribe all the record immediately, and transmit it to the clerk of the circuit court to which the change is granted, under the penalty of one hundred dollars to the aggrieved party for failure to do so. Section 828, Revised Statutes 1899, provides that the party applying for the change shall pay the costs, which, if he fails to do within fifteen days, a fee bill may be issued against him and his sureties. *Held*, that, where a change of venue was granted on plaintiff's application, a statement by the clerk to defendant's attorneys that he would not remit the transcript until the costs had been paid, was no excuse for their failure to appear at the next term of court to which the change was granted, so as to entitle defendants to restrain the collection of a default judgment obtained at such term for their failure to appear.

8. **Surety of Sheriff's Bond**: JUDGMENT: VACATING JUDGMENT: PRACTICE. TRIAL. Where the sureties on a sheriff's bond were jointly and severally liable, the fact that a default judgment rendered against one of such sureties was erroneous for want of proper service did not require a vacation of the judgment as to the other sureties.

Appeal from Carter Circuit Court.—*Hon. J. L. Fort, Judge.*

AFFIRMED (*except as to defendant Dalton*).

*Thomas Mabrey, A. J. McCollum* and *Jno. M. Atkinson,* with whom is *Everett W. Pattison* for appellants.

(1) Upon the pleadings in the action on the bond the defendants in that action were entitled to judgment in their favor, and the Carter Circuit Court should have

rendered such a judgment. Accordingly, a court of equity will do now what that court should have done in the original action. Spurger v. Hardy, 4 Mo. App. 573; State ex rel. v. Spencer, 79 Mo. 314; Shelby County v. Bragg, 135 Mo. 291; Farris v. Coleman, 103 Mo. 352. (2) As to those plaintiffs here (defendants in the original action) who were commanded to appear at the December term, the judgment is a nullity. Holliday v. Cooper, 3 Mo. 286; Bobb v. Graham, 4 Mo. 222; Ellis v. Jones, 51 Mo. 180. (3) Under the circumstances of this case, the judgment in the original cause should be held to be an entirety, and should be set aside not only as to the defendants who were improperly served but also as to all the defendants. (4) The fact that defendants were misled by the promise of the clerk as to sending of the transcript, is of itself a sufficient ground for setting aside the judgment. Smoot v. Judd, 161 Mo. 673; Payne v. O'Shea, 133 Mo. 129; Martin v. St. Charles Tobacco Co., 53 Mo. App. 655. (5) The return of the coroner is not conclusive, and does not bind the defendants who were improperly served. Smoot v. Judd, 161 Mo. 673; Atwood v. Atwood, 55 Mo. App. 370; Milner v. Shipley, 94 Mo. 106.

*Dinning, Hamel & Dinning* for respondents.

(1) There is no error in this record prejudicial to the appellants, if the so-called bill of exceptions filed in this cause were a legal one, but there was no legal bill of exceptions filed herein. On the 13th of March, 1901, the Legislature redistricted the State into judicial circuits, and fixed the terms of court therein, and in this redistricting Carter county, the county where this case was tried, was placed in the Twentieth judicial circuit. Prior to that time, it had belonged to the Twenty-second judicial circuit. The Forty-first General Assembly adjourned on March 18, 1901, and there being no emergency clause to the law redistricting the State, the same took effect June 16, 1901. After that time, the Honorable J. L. Fort was not judge of the circuit court of

Carter county, and had no right to sign the bill of exceptions. Section 731, R. S. 1899, reads: "In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard." (2) The allegation in the petition for injunction, that "the defendants in the case of the State ex rel. v. Patterson et al., had a valid defense" without setting out that defense, was not sufficient. That defense, if it existed, should have been specifically set out in the bill, that it might be seen that the defense was meritorious. Pry v. Railroad, 73 Mo. 126. (3) The general appearance of the defendants to the action in State ex rel. v. Patterson, in the filing of a motion for an additional bond for costs; the filing of answer for all of the defendants, setting up a general and special defense to the action, and the appearance to the application for a change of venue, and the selection of the court to which the case should be sent, was absolutely binding on the defendants. Pry v. Railroad, 73 Mo. 127. In this case the defendants appear and disappear and reappear, and then complain, in a court of equity, that they never did appear, only in part. (4) The objection that the amount of the money for which judgment was given, must appear in the minutes of the judge and the clerk's minutes, is not well taken, as is well settled by our own courts. Platte County v. Marshall, 10 Mo. 346; Fontaine et al. v. Hudson, 93 Mo. 62. (5) A summons regularly returned as served by the delivery of a true copy of the petition as furnished by the clerk, and a copy of summons, can not be contradicted by the oral testimony of the party served, nor otherwise, or at all. Phillips v. Evans, 64 Mo. 17; Warren and Dalton v. Lusk, 16 Mo. 102; Heath v. Railroad, 83 Mo. 617; Decker v. Armstrong, 87 Mo. 316; State ex rel. v. Finn, 100 Mo. 429.

GOODE, J.—The object of this suit is to enjoin the collection of a judgment which was recovered by C. D. Yancey, one of the defendants herein, against John F. Patterson, G. M. Patterson, J. A. Christian, G. A. Bingham, E. R. Hicks, Joseph Dalton, Herman Borth, R. C. Barrett, Thomas Clark, Neely Moore, Nathan Price, J. A. Ponder and W. H. Merrill, the plaintiffs herein, on September 20, 1900.

John F. Patterson was sheriff of Ripley county, Missouri, qualifying as such in January, 1893, and during his term C. D. Yancey recovered a judgment against one Lane in which an execution was issued and delivered to said Patterson. The other plaintiffs in the present action were said Patterson's sureties on his official bond as sheriff, and because of his alleged misconduct in the matter of the special execution against Lane, Yancey instituted an action against him and his said sureties on the bond.

That action was begun in the circuit court of Ripley county on the twenty-eighth day of December, 1899, and was returnable to the April term of that court, which had two terms a year, to-wit, in April and November. A summons to the defendants was issued and placed in the hands of the coroner for service, one of the defendants (said John F. Patterson) being the sheriff of the county, and the coroner made a return showing personal service on all the defendants of a writ of summons, which commanded them to be and appear at the next term of the Ripley Circuit Court to be begun and held on the first Monday in April, 1900. This service was made on January 30, 1900. Three of the defendants in that action (plaintiffs in this one) to-wit, Neely Moore, J. A. Ponder and Joseph Dalton, instead of being summoned to appear at the April term, 1900, of the Ripley Circuit Court, were, by a mistake of the clerk of that court in filling out the blank writs of summons, commanded to appear at the December term thereof, 1900, as was shown by the introduction in evidence of the copies of the summons left with them. This fact is material as to defendants Ponder and Dalton,

but immaterial as to Neely Moore, because he was shown to have employed counsel who represented him at the April term, 1900, of the Ripley Circuit Court; whereas there was testimony tending to show that Ponder and Dalton did not employ counsel and were not represented at that term.

An answer to plaintiff's petition in the action was filed in behalf of all the defendants and signed by three attorneys who purported on the face of the answer to represent and act for all the defendants. These attorneys were Thomas Mabrey, G. W. Crowder and A. J. McCullom. The answer admitted the election of John F. Patterson as sheriff, and that he qualified in that capacity, giving a bond with the other defendants as sureties thereon, but denied all other allegations of the petition and set up as a further defense the three-year limitation statute. Said answer was filed April 4, 1900, and was met by a replication setting up facts in avoidance of the plea of the statute of limitations.

Yancey made application for a change of venue from Ripley county and by direction of the defendants the venue was changed to the circuit court of Carter county. J. P. Campbell, circuit clerk of Ripley county, made out the transcript but, according to the testimony of Neely Moore, told the latter it would not be forwarded until the costs were collected from or paid by Yancey. Thomas Mabrey, one of the attorneys for the defendants, also testified that Campbell made the same statement to him. The transcript was sent to Carter county, however, in time for the case to be docketed for trial at the September term of the circuit court, at which term Yancey appeared and introduced testimony in support of his petition, but the defendants did not appear nor make any defense; so judgment went against them for about six hundred dollars, on which an execution was afterwards issued. That judgment and that execution are sought to be enjoined in the present suit on the grounds that Ponder and Dalton were never properly summoned in the action and did not appear therein nor authorize any attorney to appear for them, and that

all the other defendants or their attorneys were deceived by the aforesaid statement of the clerk of the circuit court of Ripley county in regard to sending the transcript to the circuit court of Carter county, and, relying on those statements, made no defense in the latter court nor had any knowledge of the cause being there until after judgment had been rendered against them and execution issued thereon.

The present proceeding was tried before the Hon. J. L. Fort, judge of the circuit court of Carter county, and resulted in a decree dismissing the plaintiff's bill, from which decree an appeal was taken to this court. Prior to the adjournment of the term of said circuit court at which the decree was rendered, to-wit, the April term, 1901, Judge Fort overruled the motions of the plaintiffs for a new trial and in arrest and extended the time for filing the bill of exceptions to a day during the ensuing vacation of the court. Before that day came, Carter county had been taken out of Judge Fort's circuit (the Twenty-second) and attached to the circuit of Hon. W. N. Evans (the Twentieth) by an act of the Legislature; but when their bill of exceptions was prepared plaintiffs presented it to Judge Fort and it was signed by him and filed in the office of the circuit clerk of Carter county on January 24, 1901, which was within the time fixed, but several months after said act of the Legislature had taken effect.

1. Settling and signing bills of exceptions are judicial acts which must be performed by a judge under the sanction of his oath of office, and, unless a different rule has been prescribed, by statute, by the one who tried the case and to whose rulings the exceptions were taken. Consaul v. Liddell, 7 Mo. 250; Cranor v. School District, 18 Mo. App. (K. C.) 397; Law v. Jackson, 8 Cow. (N. Y.) 746; Wheeler v. Fick, 4 New Mex. 14. As a bill when signed and filed imports that verity which other parts of the record in a cause import, it ought to be settled, if possible, by the judge who has personal knowledge concerning what exceptions were saved and who can, therefore, see that only facts are brought into

the record when the bill is allowed.   In Cranor v. School District, supra, it was said:   ''The statute contemplates that the matter of exceptions comes under the personal observation of the trial judge and that the error is called to his attention at the time and the exception then and there taken.''   From these considerations it has been often held, when the judge who heard a case had died or vacated his office before the party against whom the decision went could prepare his bill of exceptions, that a new trial must be granted in the interest of justice. Crittenden v. Schermerhorn, 35 Mich. 370; Wright v. Judge Superior Court, 41 Id. 726; State v. Weiskettle, 61 Md. 48; Issler v. Haddock, 72 N. C. 119; Newton v. Boodle, 54 E. C. L. 795.   This practice conforms to the rule that, in the absence of a statute to the contrary, motions for new trials pending before a judge who dies or goes out of office must be sustained by his successor. Woolfolk v. Tate, 25 Mo. 597; Crocker v. Crocker, 56 Mo. 180.   The first of those two cases was tried and decided at a term of the Marion Circuit Court and a motion for a new trial was left undisposed of at the end of the term, and during the ensuing vacation an act of the General Assembly took effect by which Marion county was included in another judicial circuit the judge of which afterwards refused to disturb the verdict in the cause because he had not heard the evidence; but the Supreme Court held that he should have granted a new trial rather than deny the losing party a chance to have his motion considered on its merits.

Following that rule and the other cases cited, instead of affirming the judgment we would be bound to say that these appellants are entitled to a new trial if their bill of exceptions is invalid because of the statute transferring Carter county to another judicial circuit, unless their own negligence or misunderstanding of the law prevented them from obtaining a valid one.

But respondents contend the appellants were at fault because a statute was in force at the time which empowered Judge Evans, as successor of Judge Fort,

to settle and sign the bill and took away the latter's power to do so. The statute relied on is as follows:

"In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard." R. S. 1899, sec. 731.

What is the effect of that statute on the matter in hand? We have not found a decision by an appellate court of this State prior to its enactment, or since, that an ex-judge before whom a case was tried while he was in office was incompetent to sign the bill of exceptions; but there was a decision shortly before the passage of the statute, and which doubtless caused it to be passed, that the successor of such ex-judge could not authenticate a bill in a case which the latter had tried. Connelly v. Leslie, 28 Mo. App. (K. C.) 551.

We have found the following decisions in other States holding that an ex-judge can not sign a bill in a case he had tried. State v. Weiskettle, Crittenden v. Schermerhorn, supra; Phelps v. Conant, 30 Vt. 277; Faulconer v. Warner, 2 Wash. 525; Smith v. Baugh, 32 Ind. 163; McKeen v. Boord, 60 Ind. 280; Reed v. Worland, 64 Ind. 280. The ruling was the other way in the cases next cited, wherein bills settled and signed, either by a judge no longer in office or by one no longer holding the court where the cause was tried, were upheld as valid. State v. Barnes, 16 Neb. 37; Guick v. Sasche, 31 Id. 312; Fellow v. Tait, 14 Wis. 153; Davis v. Menasha, 20 Id. 205; Halle v. Haselton, 21 Id. 322; Galbraith v. Green, 13 S. & R. (Pa.) 85; Frazier v. Laughlin, 6 Ill. 185; Bacon v. State, 22 Fla. 46; Ex parte Nelson & Kelly, 62 Ala. 376; Stirling v. Wagner, 4 Wyo. 5; Wheeler v. Fick, 4 New Mex. 36. It is noteworthy that the Indiana rule that the succeeding judge must sign the bill, is criticised as unsound by an able author. Elliott, App. Prac., sec. 799.

Vol 97 app—44.

The adjudications in favor of an ex-judge's capacity were influenced in some measure by the existence of statutes like ours which permit bills to be signed and filed in vacation. These statutes, while they do not take the settling of those instruments out of the category of judicial duties, do take them out of the category of court duties which can only be performed in term time by orders entered of record; and if all court orders needed to give a bill validity were made by the trial judge in term and duly recorded (such as overruling the motions for new trial and in arrest, allowing the appeal and granting time in vacation to file the bill of exceptions) the signing of the bill by said judge in vacation is consonant rather than opposed to the policy of the law, if he is still an official, even though in the meantime he has ceased to be judge in the county where the trial occurred. For it is to be borne in mind that Judge Fort was still an incumbent of a judicial position when he authenticated the present bill, so that the decisions against an ex-judge's capacity are not exactly in point.

There is a present tendency to uphold bills of exceptions when substantial justice will be thus promoted and the purpose of the bills subserved, rather than to reject them on technical grounds as courts were once prone to do. Vicksburg, etc., Ry. Co. v. Ragsdale, 51 Miss. 458. These instruments are intended to carry into the record of a cause a true narrative of the evidence received and the rulings made which affected the rights of the litigating parties, and which would not otherwise be recorded. When a bill does this, the purpose sought is defeated, instead of realized, by rejecting it on a technical objection. And one court composed of eminent jurists was so impressed by this fact that under a statute such as we have (2 Rev. St. 1899, sec. 10119) requiring a court stenographer to keep notes of the testimony and exceptions, a bill containing such notes was considered though unsigned by the judge. Chose v. Vandergrift, 88 Penn. St. 217.

Another court of last resort, while holding that an ex-judge may authenticate a bill in a case tried before

him, holds also that, if he dies before doing so and there is no dispute about the truth of the bill, his successor may authenticate it to prevent a failure of justice. Wheeler v. Fick, supra; Conway v. Smith Mercantile Co., 6 Wyo. 327. That court lays stress on the circumstance that no question is made about the accuracy of the bill, and, we think, rightly.

In the case at bar, it has not been suggested that the bill of exceptions is either false or incomplete, but, instead, the appellants accept its recitals as full and correct; and it is reasonable as well as according to the spirit and command of the code to be liberal rather than technical in matters of practice when liberality will achieve justice and narrowness defeat it. While there is some strength in the argument that a solemn act like signing a bill of exceptions ought not to be performed by a person who has ceased to be an official and is not under official responsibility, there is no substantial merit in the view that it can not be performed by a judge who is still in office, although his territorial jurisdiction may have been so changed before he signed the bill as to no longer contain the bailiwick in which the cause was tried; which is the state of facts presented in this case.

Recurring to our statute on the subject (sec. 731) it is apparent that said statute does not in terms embrace an instance like the one before us, though perhaps susceptible of being held to embrace it without violence to the language used or the intention of the Legislature. But that section must be construed in connection with all other provisions of the statute *in pari materia* and the decisions construing them, and with regard to the functions of bills of exceptions.

If Judge Fort had gone out of office before he signed the present bill, said section would be plainly applicable. He had not, however, but was still occupying the same office he had theretofore held, namely, judge of the Twenty-second judicial circuit, from which circuit Carter county had meanwhile been taken. The judges of the circuit courts are officers of the several judicial circuits of the State and one of them does not

cease to be an officer because of a change in the counties composing his circuit, but only by the total abolition of the circuit.    Const. of Mo., art. 6, sec. 24.

We must consider too, the rule that if a special judge is elected to try a cause, or a judge is called in to hold a term of court in a county not in his circuit, the authority of either of those officers to sign bills of exceptions in a case tried by him continues after the term when he was chosen or requested to serve and until the final disposition of the case. R. S. 1899, secs. 1678, 1682; State v. Davidson, 69 Mo. 509; State v. Sneed, 51 Mo. 592; State ex rel. v. Wofford, 111 Mo. 526. It was held in the case last cited that a special judge may be elected to sign a bill of exceptions, if the judge who heard the trial has gone out of office and his successor is disqualified to sign as provided in section 731, supra, because he was of counsel in the case. Judge Fort could have been called in by Judge Evans to hold a term of the Carter Circuit Court and when holding it could have signed the present bill if presented to him within the time limited, as he could transact any other business which came before said court while he was presiding. This being true, and inasmuch as the time for filing the bill had been extended into the vacation of court, we think it would be highly technical to hold that he was without power to sign it and that Judge Evans was the one to sign although he knew nothing about the exceptions, while Judge Fort knew all about them and was still in office.

We rule, therefore, that the bill of exceptions was properly authenticated by the signature of Judge Fort, without ruling that it would have been invalid had Judge Evans signed it.

2.    A prerequisite to obtaining relief from a court of equity against a judgment entered by a court of law of competent jurisdiction in a proceeding regular on its face is, that the party applying for relief shall show prima facie he had a meritorious defense to the demand on which the judgment was obtained. Mott v. Bernard, 97 Mo. App. (St. L.) 265; Sauer v. Kansas City, 69 Mo.

46.   But while this showing is indispensable it does not of itself entitle the complainant to relief.   Some basis for the exercise of equity jurisdiction must also be established; as that said party was prevented from making a defense to his adversary's cause of action by accident, mistake or fraud.   Shelbina Hotel Ass'n v. Parker, 58 Mo. 327; Smoot v. Judd, 161 Mo. 673.   In the last case it was said:

"If a person *sui juris* is sued and brought regularly into court by process to answer a petition that states on its face a good cause of action, though he may have a good defense, yet if he omits to plead it, or if he pleads it yet fails to sustain it by proof, and the judgment goes against him, his defense is extinguished in the judgment and can not afterwards be set up against it."'

These plaintiffs may have possessed a perfect defense to Yancey's action on Patterson's bond as sheriff, and that defense may be apparent on the face of the pleadings in said action, yet without additional equity they can not have the judgment against them enjoined. To have that done they must show both that they had a meritorious defense and that by some mischance or misconduct unmixed with negligence or inattention of their own or their counsel, they were prevented from interposing it; otherwise, the only method by which they could escape the force and effect of the judgment was by appealing to a court of last resort or suing out a writ of error.   Hamilton v. McLean, 139 Mo. 678; Fears v. Riley, 148 Mo. 49.

Appellants say the pleadings in the action on the bond show Yancey's cause of action was barred, when begun, by the statute of limitations; and without deciding the point, we state that if this argument is sound it affords no ground for enjoining the judgment, for this reason if for no other; a writ of error could have been procured and the question tested on appeal without a bill of exceptions as the fact appears, if at all, in the record proper.   To successfully maintain the present suit it is incumbent on the appellants to establish an equity in their favor by showing judgment in the other

action was rendered for Yancey because some accident or mistake, for which they were blameless, precluded them from defending against his claim when they would otherwise have done so successfully, there being no contention that actual fraud was practiced by Yancey.

A judgment entered in an action without notice to the defendant is a nullity, for one must have his day in court. Smith v. Ross, 7 Mo. 463; Roach v. Burnes, 33 Mo. 319. And that a defendant was not notified or summoned may be shown in a direct proceeding to set aside the judgment by evidence *aliunde* the return of the officer on the writ of summons and even to contradict his return. Smoot v. Judd, supra. Parol testimony was admissible to prove the mistake made by the clerk of the circuit court of Ripley county in filling out the copies on the writs of summons for December instead of for April, when the next term of the circuit court was to convene.

But that mistake could have had no influence on the action of any of the defendants except Ponder and Dalton, for it is admitted the others appeared and answered Yancey's petition at the April term. So far as Ponder is concerned, all that is proven is that he did not personally engage Mabrey to act as attorney for him, which was testified to by Mabrey himself. But McCullom and Crowder were also attorneys representing the defendants in the bond case and Crowder was the one whom they engaged, Mabrey coming into the case at Crowder's request to assist in the defense. There was no testimony from either Crowder or Ponder that the answer filed and the other steps taken in behalf of Ponder were unknown to or unauthorized by him. Neither of those persons was put on the stand and it is certainly a significant circumstance that Ponder's testimony as to the authority of the attorneys to represent him was not taken, as that issue of fact was vital.

The rule now is that the party for whom an attorney assumed to act in a cause may, in a proceeding to set aside the judgment therein, question the attorney's authority. Marx v. Fore, 51 Mo. 70; Eager v. Stover, 59

Mo. 87; Smoot v. Judd, supra; Wiley v. Pratt, 23 Ind. 628; Wright v. Andrews, 138 Mass. 149; Chicago, etc., Ry. Co. v. Hitchcock County, 60 Neb. 672; Dormitzer v. Loan Ass'n, 23 Wash. 132. But to have a judgment set aside for the reason that an attorney's appearance was unauthorized, the party denying the authority must make positive proof that it was lacking. Reynolds v. Fleming, 30 Kas. 106; 1 Black on Judgments, sec. 272. Indeed, some courts still refuse to allow an attorney's right to appear, to be disputed, but remit the injured party to an action against him if his appearance was unwarranted for whatever damage may have been sustained by his assuming authority when he had none. The evidence introduced in behalf of Ponder in the present case to show that neither Mabrey, McCullom nor Crowder was entitled to represent him or enter his appearance to Yancey's suit on the bond, is entirely too weak for us to sustain his bill on that ground; in fact, no showing is made at all except the testimony of Mabrey that Ponder never spoke to him on the subject, but that Crowder did. That an attorney who files a pleading or otherwise acts for a party in a case is entitled to do so is presumed in every jurisdiction and the only difference in the decisions is whether that presumption is conclusive or rebuttable. 1 Black on Judgments, supra. It is only prima facie in Missouri and may be rebutted; but was certainly not rebutted in this case as to the right of McCullom and Crowder to represent Ponder.

Dalton's situation is more favorable, because the copy of the summons delivered to him shows he was commanded to appear at the December term of the Ripley Circuit Court and there was no such term. He swears positively that he never spoke to any person to represent him but, as he had ample time between the date when he was served and the date when he was to appear, intended to go to Doniphan, the county seat of Ripley county, in December and engage counsel; nor is there any positive testimony to weaken or impeach what Dalton stated. It is rather strange that he should not

discuss the action brought against him with the other defendants nor co-operate with them, nor have any knowledge that the circuit court of Ripley county held no term in December, but did hold terms in April and November. Still, as he so testified and as his testimony is wholly uncontradicted and is corroborated by Mabrey to the extent that Dalton never spoke to him nor engaged him, we do not feel like rejecting it as false. It is certain that he was notified to appear at the wrong time and extremely uncertain that he authorized an appearance for him in April; hence, the judgment against him rests on so weak a foundation that we think he ought to be relieved and allowed to make a defense to Yancey's action, if he has one.

The next inquiry is as to the effect of the statement of Campbell, the clerk of the Ripley Circuit Court, to Mabrey and Moore that he would not send the transcript of the case until the costs had been paid by Yancey and the right of the answering defendants and their counsel to rely on that statement. As to this matter it is perfectly clear that the defendants or their counsel were negligent and that the statement of the clerk could not warrant them in failing to follow the case to Carter county and be present when it came on for trial at the September term. Equity aids the vigilant and not the inattentive, and this maxim is nowhere more rigorously applied than in suits to set aside judgments at law. A party who fails to make his defense to an action at law and then seeks the intervention of a court of equity must not only show some ground for equitable relief, such as fraud, accident or mistake, but must show that he himself was not guilty of any lack or diligence and that he did all that could reasonably have been expected of him. Yantis v. Burdette, 3 Mo. 457; Reed v. Hansford, 37 Mo. 197; Payne v. O'Shea, 84 Mo. 128; Carolus v. Koch, 72 Mo. 645; Shelbina Hotel Ass'n v. Parker, supra. Nor will a party be relieved on account of inattention or negligence of his counsel, unless it was caused by some misconduct of the

adverse party.    Miller v. Bernecker, 46 Mo. 194; Bosbyshell v. Summers, 40 Mo. 172; Bauman v. Field, 9 Mo. App. 576; Crim v. Handley, 94 U. S. 652; Trustees of Amherst College v. Allen, 165 Mass. 178.

Our statutes in regard to changes of venue in force when the change was taken in the case brought by Yancey, required the clerk of the Ripley Circuit Court to make out a transcript of the record immediately after the order for the change of venue was made and transmit the same, duly certified, to the clerk of the Carter Circuit Court under a penalty of one hundred dollars to the aggrieved party for failure to do so.    R. S. 1899, sec. 825.    They also provided that the party applying for the change should pay the costs attendant thereon and if he failed to pay within fifteen days after the change was granted, a fee bill could be issued against him and his sureties.    R. S. 1899, sec. 828.

As it was the duty of the clerk of the circuit court of Ripley county when the change of venue was granted to forthwith send the transcript to Carter county, so it was the duty of the defendants in said cause and their attorneys to follow the case to the Carter Circuit Court, whither it was sent at their suggestion, and be present when it was called for trial there; for they were bound to know the law in the matter and govern themselves accordingly.    Besides, Yancey may have paid the costs after Campbell made the statement which is credited to him.    At all events, these appellants and their counsel are not excusable for relying on Campbell's assertion that he would not send the transcript until payment was made.    Lack of vigilance and care on the part of the appellants appears from their own testimony, whereas it is incumbent on them to make a showing of thorough diligence in order to be relieved.

Setting aside judgments is an act which courts of equity are chary about doing, while the standard of good faith and activity to which the party applying for the remedy is required to show his conduct conformed before his prayer will be granted, is a high one, and

the conduct of all the appellants except Dalton fell far short of that standard.

3. In granting Dalton relief it is not necessary, according to the later decisions of the Supreme Court, to reverse the judgment entered in this case as to all the appellants. The doctrine that a judgment is an entirety so that if annulled, reversed or set aside as to one party, it must be reversed or set aside as to all, no longer obtains except when, from the nature of the liability of the parties, it can not be justly allowed to stand as to some and be annulled as to others. Christopher, etc., Co. v. Kelly, 91 Mo. App. (St. L.) 93, and cases cited therein. The liability of these appellants on the sheriff's bond was joint and several, so that Dalton might have been sued alone, or the other appellants might have been sued and he left out. The judgment in the action on the bond may, therefore, be set aside as to him and upheld as to the other appellants. This was expressly decided by the Supreme Court in a similar litigation. State ex rel. Ozark County v. Tate, 109 Mo. 265.

The judgment of the court below in the present suit dismissing the appellants' bill is affirmed against all the appellants except Dalton, as to whom the respondents enter an agreement that the judgment in the other cause may be set aside. *Bland, P. J.,* and *Reyburn, J,* concur.