**Lillie CURTIS, Appellant,**

v.

**Chester CURTIS et al., Respondents.**

**No. 52700.**

Supreme Court of Missouri,
Division No. 1.

April 8, 1968.

Motion for Rehearing or for Transfer to Court En Banc Denied May 13, 1968.

Stephen J. Millett, Kingston, for appellant; Knipmeyer, McCann & Millett, Kansas City, of counsel.

Edward L. Simmons, Cornelius Roach, III, Kansas City, for respondents (other than Kenneth Curtis).

HOLMAN, Judge.

Plaintiff in this action sought to quiet the title to 171 acres of farm land. Her claim was based on deeds to an undivided interest therein, and adverse possession as to the remaining undivided interests. A jury trial resulted in a verdict for defendants. Plaintiff has appealed.

Respondents have filed a motion to dismiss the appeal which is based on an alleged defect in the notice of appeal. That motion is overruled.

The land involved in this suit is a 163-acre tract referred to as the "Home Place" and an 8-acre separate tract located about a quarter of a mile from the home place. Plaintiff and her sister, Anna Curtis, purchased 123 acres, plus the 8-acre tract, at a partition sale in October 1935. Plaintiff testified that the sheriff was instructed to make the deed so that it would "go to the survivor of us two." This was corroborated by the testimony of Elmer Dice who bid in the land for the two sisters. He stated that there was a discussion in the presence of the two sisters, the sheriff, and Mr. Robison, an attorney, in which the instructions were that the deed be fixed so that "if one passed on, it was the other's." However, the deed was made to the two sisters as tenants in common.

In 1928 Anna, Lillie, and Lottie Curtis purchased 40 acres of the land here involved and it was conveyed to them as joint tenants. Thereafter, in 1934, Lottie deeded her interest in that land to Anna and Lillie, but there was nothing stated in that deed which would describe the grantees as joint tenants. In May 1935, plaintiff and Anna purchased 20 acres of land adjoining the home place and this land was conveyed to them in a manner which apparently made them joint tenants.

Anna died September 3, 1944. There were a number of witnesses who testified concerning plaintiff's possession and management of the farm after Anna's death. We think that testimony can be summarized in this fashion: The evidence was undisputed that she retained control over this land; that she rented it, signing written leases, received the rent, paid all taxes, and improved the farm from the date of Anna's death until the time of trial of this case. She expended several thousand dollars in repairs and improvements, having rebuilt the barn, put a new floor in the house, installed electricity in both the house and barn, had a room built onto the house, had several ponds dug on the farm, and kept up the fencing. During that time she did not account to the defendants or anyone else for any portion of the rents, and none of the defendants made any demand upon her for any accounting.

Plaintiff testified that she did not know the manner in which the partition deed conveyed the property until she sold 28 acres to Bennie Kirkendall in 1963. Apparently, at that time, it was discovered that she could convey title to 20 acres because it had been deeded to plaintiff and Anna jointly, but her title to the 8-acre tract was questionable because it had been deeded to plaintiff and Anna as tenants in common. Plaintiff testified that, in order to "keep down a lawsuit," she attempted to get a quitclaim deed from two of the heirs, and did get such a deed to the eight acres from one of her sisters for the sum of $1.00. It was shown that in January 1963, plaintiff's attorney filed a suit in her behalf to partition the 8-acre tract. (The petition erroneously included a description of the 20 acres which plaintiff had owned since Anna's death as a surviving joint tenant.) Thereafter, two amended pleadings were filed. Later, her attorney was seriously burned and thereafter died. After plaintiff employed her present counsel she filed an affidavit in the partition suit which reads as follows:

"Lillie Curtis, being first duly sworn, on her oath, states that she authorized John J. Robison as her attorney to take the necessary legal action to clear the title to the 8 acres in the Southeast corner of the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼), Section Eight (8), Township Fifty-seven (57) of Range Thirty (30), in DeKalb County, Missouri, as described in the petition filed herein, by a quiet title suit or by a suit to reform the Sheriff's Deed, dated October 18, 1935, by which she and her sister Anna Curtis acquired title to said land and other land which was supposed to have been conveyed to them as joint tenants with right of survivorship, and that she did not authorize him to file a partition suit or a petition in partition relating to any of her land and particularly to the North Half (N½) of the Northeast

Quarter (NE¼) of the Northwest Quarter (NW¼), and the 8 acres in the Southeast corner of the Northeast Quarter (NE¼) of the Northwest Quarter (NW¼), of Section Eight (8), all in Township Fifty-seven (57), of Range Thirty (30), in DeKalb County, Missouri, as described in the pleadings herein, because she has claimed to be the sole owner of said land since the death of her sister, Anna Curtis, on September 3, 1944, and that she was not informed of the nature of the suit filed in her behalf and in her name as plaintiff until she secured the legal services of Stephen J. Millett, an attorney.

"Wherefore, Lillie Curtis, the plaintiff in the above entitled cause, hereby authorizes and directs her attorney, Stephen J. Millett, to dismiss the Second Amended Petition in this cause."

In the trial of the case defendants offered the three petitions filed by plaintiff's attorney in the partition suit and they were admitted in evidence over plaintiff's objection. Plaintiff offered the affidavit heretofore set out and it was admitted in evidence.

While it does not bear on any of the issues raised on this appeal it should perhaps be stated that defendants Louise Curtis Parkey, Verrel Curtis Swicegood, Ben W. Curtis, and Alma Jones filed answers in which they admitted the facts alleged in plaintiff's petition and consented to the entry of a judgment in favor of plaintiff. One defendant, Kenneth Curtis, defaulted and the other defendants filed an answer in the nature of a general denial.

■■■ Plaintiff's first point is that her case was established by substantial and undisputed evidence; that the verdict for defendants is contrary to the overwhelming weight of the evidence and not supported by substantial admissible evidence; that the judgment should be set aside and the cause remanded with instructions to enter judgment for plaintiff. That contention is without merit. The trial court could have granted plaintiff a new trial on the ground that the verdict was against the weight of the evidence but it did not see fit to do so. However, it is firmly established that an appellate court is not authorized to weigh the evidence and, "[w]hether a jury's verdict is against the weight of the evidence is a question for the trial court alone." Wilcox v. Coons, 362 Mo. 381, 241 S.W.2d 907, 917. Also, in a case of this kind it is not necessary that there be any evidence to support a defendant's verdict. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558. Moreover, in a case such as this, where plaintiff had the burden of proof and defendants obtained a verdict, the trial court did not have the power to set aside the verdict and enter a judgment for plaintiff, and this court, of course, could not direct the trial court to do so. As indicated, this point is ruled adversely to plaintiff.

As we have stated, the court admitted in evidence the original petition, first amended petition, and second amended petition filed by plaintiff's attorney in the suit to partition the 8-acre tract. Plaintiff objected to their admission on the ground that they had not been signed by her and that she had not authorized her attorney to file them, as shown by her affidavit filed at the time of dismissal.

Unquestionably, these pleadings were very prejudicial to plaintiff in this action as they constituted a recognition of title to undivided interests in the 8-acre tract in defendants and could be construed as an admission that she had not obtained title to those interests by adverse possession, as she now claims. And, of course, any admission concerning title to the 8-acre tract could be effective as an admission relating to all the land here in controversy. However, in her affidavit filed at time of dismissal, plaintiff stated that she did not authorize the filing of a partition suit and did not know of the nature of the suit until she employed Mr. Millett. She also testified at the trial that the suit was not authorized. The specific question presented, therefore, is whether the court erred in admitting in evidence pleadings signed by plaintiff's attorney which she

later, by testimony and affidavit, stated were unauthorized and that she did not have knowledge of their contents. While we recognize that the attorney who filed the suit is dead and hence could not testify, it is nevertheless true, as plaintiff points out, that there was no evidence presented to rebut her testimony that the suit was not authorized.

In our research we have read many cases decided by the courts of this and other states and find that there is considerable conflict of authority and that the question is a close one. In considering this question the cases usually deal with abandoned or superseded pleadings. In view of the dismissal we consider all three of the pleadings here involved as being in that category. Some states have adopted the rule that "amended or superseded pleadings are admissible against the party interposing them, even though signed only by counsel, and that it is presumed that an attorney commencing an action has authority to prepare the pleadings. To overcome that presumption, the party against whom the pleading is offered may show that he did not have knowledge of its contents. Such proof will go to the trier of facts as affecting the weight of the evidence, but does not affect its admissibility." Carlson v. Fredsall, 228 Minn. 461, 37 N.W.2d 744, 751. The cases in other states (and this is said to be the general rule) have stated that the correct rule "should place the onus on the party offering as evidence abandoned or superseded pleadings signed by the attorney only to satisfactorily show that the pleadings offered are those of the party or that he approved them, rather than on the party against whom they are offered to show he was not personally responsible for such superseded pleadings." Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946, 951. See also Vol. IV, Wigmore on Evidence, § 1067, p. 63. In 31A C.J.S. Evidence § 304, it is said that "[t]he pleading must be shown originally to have been made as a statement of fact and connected directly with the party himself, as having been made or authorized and inspired by him." If "it affirmatively ap-

pears that the former pleading was filed without authority, it is not admissible."

In deciding the question before us we will not endeavor to formulate any general rule but will limit our decision to the exact factual situation presented. Unquestionably, as has been frequently stated, "there is a strong presumption that, where a party appears in a court of record by a duly licensed and practicing attorney, the attorney was duly authorized to appear and represent such party in said court." Miller v. Continental Assur. Co., 233 Mo. 91, 134 S.W. 1003, 1004. This court has also said: "The authority of an attorney who is duly licensed and practicing is presumed until challenged in some adequate way, and the burden of disproving such authority is imposed upon the party questioning it unless the client has denied the authority of the counsel—in which case, the burden is shifted upon the attorney." Riley v. O'Kelly, 250 Mo. 647, 157 S.W. 566, 570. And it has been said that a proper way to question the authority of an attorney is for the client to deny same by motion supported by affidavit. Cooper v. Armour & Co., 222 Mo.App. 1176, 15 S.W.2d 946[1].

The case of Anderson v. McPike, 86 Mo. 293[11], is direct authority for plaintiff's contention that the pleadings should not have been admitted. Therein it is said that "[p]rima facie the original answer of defendant was competent evidence against defendant. Weeks on Attorneys, § 185; Dowzelot v. Rawlings, 58 Mo. 75. But the testimony of Foster that defendant did not employ him in the cause was sufficient to overthrow the presumption arising from his name being signed to the answer as the attorney of defendant, and to exclude the answer from consideration by the jury." 86 Mo. 301. Patterson v. Yancey, 97 Mo.App. 681, 71 S.W. 845, would also appear applicable. In that case a judgment was rendered against a defendant upon whom the service had been invalid. When the defendant sought to have the judgment set aside it was contended by plaintiff that the court had jurisdiction because attorneys had filed an

answer for the defendant. Defendant testified that he did not authorize any attorney to appear for him and there was no evidence to the contrary. The court ruled that the judgment should be set aside.

Upon a consideration of the foregoing authorities, we have concluded that the court erred in admitting in evidence the three petitions under consideration.

Since the case must be remanded for a new trial upon other grounds we need not rule the contentions that the court erred in giving Instructions No. 2 and No. 4. Prior to submission of the case on another trial counsel for defendants and the trial court will no doubt examine said instructions and make such corrections therein as may seem advisable in light of the attack made thereon by plaintiff.

The judgment is reversed and cause remanded for a new trial.

SEILER and STORCKMAN, JJ., concur.

HENLEY, P. J., not sitting.