WALTER J. MILLER et al. v. CONTINENTAL ASSURANCE COMPANY OF AMERICA et al.

In Banc, March 2, 1911.*

1. ATTORNEY: Authority to Represent Client: Presumption. There is a strong presumption in favor of a duly licensed and practicing attorney to act for a client he professes to represent, and that he was duly authorized to appear and represent him in court.

2. ————: ————: No Personal Interest in Matter. Where no personal judgment was rendered against removed officers of an insurance company from which an appeal would lie, they have no right to object to a certain firm of lawyers appearing for the company and moving that the appeal taken ostensibly on behalf of the company, be dismissed.

---

*Note.—Decided December 17, 1910. Motion for rehearing filed. Motion denied March 2, 1911.

3. ———: ———: **Shown by Proceedings of Directors.** The authority of an attorney of a corporation to appear in the Supreme Court and move to dismiss an appeal which has been taken by unauthorized discharged officers in its name, may be shown by certified copies of the proceedings of its board of directors. And such copies will be considered, although they form no part of the appeal record, and have been taken since the appeal was allowed.

*Held*, by GRAVES, J., dissenting, that there are no certified copies of proceedings of the board before the court showing a discharge of the officers and attorneys who took the appeal, that the attorney who took the appeal charges that there were not present a majority of directors at the meeting at which he was discharged, and under the circumstances the court should take testimony before it decides which of two rival attorneys has authority to represent the corporation.

4. ———: ———: **Right of Court to Inquire.** The Supreme Court has the power to investigate and determine by what authority an attorney acts for a client in the court whom he professes to represent, upon its own motion or when his authority is properly questioned by others; and in passing upon his authority to represent a corporation, it may consider certified copies of proceedings of its board of directors had since the appeal was taken.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

DISMISSED.

*Selden P. Spencer, Hough, Hough & Walker; R. H. Stephens, Grant Gillespie, Arthur N. Sager*, and *Henderson, Marshall & Becker* for appellants.

*John S. Leahy* for respondents.

WOODSON, J.—This suit was instituted in the circuit court of the city of St. Louis by the plaintiffs and against the defendants.

The defendant company was duly organized and incorporated under the laws of this State for the purpose of engaging in the business of life insurance. Three of the plaintiffs were stockholders in said de-

fendant company, and the remaining three were directors and stockholders therein. The defendant Gardner was secretary of the company, but not a stockholder. Thompson was a stockholder and treasurer thereof, but had been removed as treasurer shortly before this suit was brought; and Gillespie was selected as general counsel of the company, and was a party to said mismanagement, hereinafter mentioned. The capital stock of the company was $500,000, and was divided into fifty thousand shares of the par value of $10 each. Gardner was also employed as commissioner to sell the stock of the company, and most of which had been sold and was in the hands of Gardner and not in the coffers of the treasurer at the time this suit was begun.

The petition charged the defendants with mismanagement and misappropriation of the funds of the company, and asked that they be enjoined from further abuse of power, and that a temporary receiver be appointed to take charge of and hold the assets of the company until the condition of the company could be ascertained; and, if found to be insolvent, then it prayed that the affairs of the company should be wound up, debts paid, etc. The circuit court appointed the receiver as prayed for, and from that order the defendants appealed to this court.

When the cause reached this court, Henderson, Marshall and Becker, purporting to be attorneys for the company, filed the following motion to dismiss the appeal, to-wit (formal parts omitted):

"Now comes the Continental Assurance Company of America and respectfully moves this honorable court to dismiss the appeal heretofore taken on July 25, 1910, from the interlocutory order of the circuit court of the city of St. Louis, overruling the motion to revoke the order appointing a temporary receiver for the Continental Assurance Company of America,

and assigns the following grounds for this motion, to-wit:

"First. Because said appeal, so far as the Continental Assurance Company of America is concerned, was taken without the knowledge, consent or authority, and against the wishes of said company, by Harry B. Gardner, Grant Gillespie and W. H. Thompson, who had no authority from said company to do so.

"Second. Because the affidavit for the appeal is wholly insufficient in law, in this, that it recites that the affidavit for an appeal was made by Harry B. Gardner, Grant Gillespie and W. H. Thompson, 'acting on behalf of said company,' but does not state that the affiants are the agents of said company for the purpose of taking such appeal, nor that they had any authority from the company to take such appeal.

"Third. Because the board of directors of said company has expressly repudiated the action of said Harry B. Gardner, Grant Gillespie and W. H. Thompson, in taking said appeal, and has directed its counsel, Henderson, Marshall & Becker, to dismiss said appeal.

"Fourth. Because said company desires the receivership of said company to be continued, and the appeal herein ties the hands of the circuit court pending the appeal, under the decision of this court in the case of State ex rel. v. Gates, 143 Mo. 63, and embarrasses the receiver and the company in the preservation and collection of the assets of the company, and seriously jeopardizes the said assets.

"Fifth. Because the appeal in so far as Harry B. Gardner, Grant Gillespie and W. H. Thompson, individually, are concerned, is not authorized by law, for the reason that no receiver was appointed for them, but only as to the company, and the appeal was taken from the order refusing to revoke the order appointing a temporary receiver for the company, and further, because no judgment has been entered against Gard-

ner, Gillespie or Thompson from which they could appeal.

"Wherefore this company asks that the appeal herein be dismissed."

Counsel for the plaintiffs, the respondents here, are acting in conjunction with counsel for the company, and insist upon the dismissal of the appeal.

Counsel for the personal appellants strenuously oppose this motion, and assign many reasons therefor, among others, that the firm of Henderson, Marshall & Becker have no legal authority to represent the appellant company.

The foregoing statement briefly but sufficiently outlines the facts and the respective contentions of counsel to enable us to apply the law applicable to the case.

I. It is contended by counsel for the personal appellants, that the firm of Henderson, Marshall & Becker have no authority to represent the appellant company.

There are several valid reasons why that contention is unsound.

*First.* Because there is a strong presumption, where a party appears in a court of record by a duly licensed and practicing attorney, that the attorney was duly authorized to appear and represent such party in said court.

In Cyclopedia of Law and Procedure, vol. 4, page 928, B., the following rule governing this question is stated, as follows: "Although it is necessary that an attorney be specially authorized to act for a client, his position as an officer of the court makes it unnecessary for him, in the ordinary case, to show this authority in any way, there being a firmly established presumption in favor of an attorney's authority to act for any client he professes to represent. It follows, therefore, that he will not be required to show his authority unless it is properly called for." In support of this rule

many cases are cited by the author, one or more from almost every State in the Union.

The same rule has been announced by this court in the following cases: Cochran v. Thomas, 131 Mo. 258; Scott v. Royston, 223 Mo. 568.

The record contains no evidence which tends to overthrow that presumption; and in this discussion of this question, this court in the case of State ex rel. v. Crumb. 157 Mo. 545, l. c. 557, said: "Neither was it necessary to prove his (the attorney for plaintiffs) employment by the records of the State Board of Education, for he had a right to appear in his official capacity as an attorney and officer of the court in all cases except those specially provided for by law. Nor was he accountable to the defendant in this kind of a case for his right to appear. The party for whom he appeared could alone question his right to appear in this and ordinary litigation."

It is also laid down in 4 Cyc., p. 931, b., that, even in those cases where the authority of an attorney may be properly challenged, "the burden of proof is on the side denying the attorney's authority, but after the party the attorney professes to represent has denied his authority, the burden of showing authority is on the attorney."

*Second.* Because it is wholly immaterial to the personal appellants whether the firm of Henderson, Marshall & Becker have authority to represent the appellant company or not. They have no personal interest in the appeal, as no judgment was rendered against any of them, from which an appeal would lie.

*Third.* Because certified copies of the proceedings of the board of directors of the appellant company, duly adopted, have been filed in this court, showing that said attorneys are duly authorized to represent it in this court, and repudiating the authority of all others to so act for it.

Counsel for the personal appellants insist that

this court has no authority to consider said copies of the proceedings of the board of directors, for the reason that they are not preserved in the record.

It is not only true that said copies of said proceedings are not preserved in the record sent up from the circuit court, but it is also true that said proceedings had not taken place at that time, nor until some time subsequent to the date when the appeal in this case was taken, consequently it was a physical impossibility for said copies to have been preserved in the record. But notwithstanding that fact, that is no reason why this court should not consider said copies of said proceedings of the board.

Unquestionably the corporation has the legal right to speak through its record regarding its business transactions, including the employment and discharge of legal counsel. This is academic, and is not questioned here. But the contention here is, that this court has no authority to consider such records if not preserved in the record of the case. Generally speaking that is true, and is universally true as regards all matters which constitute a part of the proceedings in the trial court, but that rule does not apply to any matter which settles or disposes of the case after it reaches this court.

The rulings of this court and that of the Court of Appeals are uniform upon that question. [State ex rel. v. Phillips, 97 Mo. 331; State ex inf. v. Standard Oil Co., 218 Mo. 1. c. 387 to 393; Cape, etc., Railroad v. Bridge Co., 215 Mo. 287.] These cases involved the settlement of the causes after they reached this court.

We have also held in a number of cases that where an appeal is taken from a judgment of the circuit court to this court, and thereafter the appellant has been adjudged a bankrupt, this court will order his discharge and the appeal dismissed upon a plea to

233 Sup—7

that effect filed in this court, accompanied by a certificate of bankruptcy. [Haggerty v. Morrison, 59 Mo. 324; Marx v. Hart, 166 Mo. l. c. 517; Dulaney v. Buffum, 173 Mo. l. c. 13; Wait v. Railroad, 204 Mo. l. c. 506.]

The theory upon which this class of cases rests is, that where a cause has been settled or finally disposed. of after an appeal has been taken, that fact, as before stated, cannot appear in the record; but in the absence of an agreement of parties, such fact must be called to the attention of this court either by a proper plea or some appropriate motion, and supported by competent evidence. The books are full of cases holding that this practice is proper in all cases where matters in litigation have been disposed of either by the parties themselves or by operation of law, but not admitted in this court.

If this court may properly entertain such pleas and motions of the character just mentioned, hear evidence in support of and in contradiction thereof, and decide the questions so presented, and dismiss the appeal or writ of error, as the case may be, then how much stronger should the reason be for holding that this court has the power to hear evidence and decide the question, by what authority an attorney of this court acts for the clients he professes to represent.

In 4 Cyc., p. 930, 4, the general rule is stated, that the court in which the case is brought or pending, and in which the attorney appears, "is the proper tribunal to pass upon the question of authority" of the attorney professing to represent a party to said suit.

In discussing that question, this court in the case. of Clark v. Holliday, 9 Mo. l. c. 705, said: "There was another point raised concerning the authority of the agent to appear, and file a motion to quash the execution; and authorities have been cited to show that after a party has been absent from the State for a great number of years, and without having been heard from,

the court may require the agent or attorney to produce some evidence of his authority to act in the case. This case bears no analogy to those, and if the circuit court was satisfied with the evidence produced, as the appearance was in his own court, we see no reason upon which an objection could be made here.''

The same rule is announced by the Supreme Court of Iowa in the case of Krause v. Hampton, 11 Iowa 457.

In spite of the strong presumption that an attorney is duly authorized to act for the party whom he professes to represent, there is a well-recognized discretion resting in the court in which a cause is pending to call for proof of an attorney's authority when it sees fit to do so. [4 Cyc. 929.] In support of that rule cases are cited from the Supreme Courts of Arkansas, California, Colorado, Delaware, Kentucky, Louisiana, Maine, Mississippi, New York, South Carolina, Tennessee and Ohio; also the following cases from the Federal courts: King of Spain v. Oliver, 2 Wash. C. C. 429; Standefer v. Dowlin, Hempst. (U. S.) 209.

We are clearly of the opinion, based upon reason and authority, that this court has the power to investigate and determine by what authority an attorney acts for a client in this court whom he professes to represent, whenever that question is properly raised, or by the court of its own motion whenever it has reasonable grounds to apprehend that such authority does not exist. To hold otherwise would be to establish a precedent which would be fraught with dire results in many cases.

In the case at bar we have carefully examined the record, and find that the firm of Henderson, Marshall & Becker are duly authorized by the appellant company to represent it in this court, and that it has revoked the authority of all other attorneys to represent it in this cause in this court.

We are, therefore, of the opinion that the motion to dismiss the appeal should be sustained. It is so ordered. All concur, except *Burgess, C. J.,* absent and *Lamm* and *Graves, JJ.,* who dissent in separate opinion by *Graves, J.*

## DISSENTING OPINION.

GRAVES, J.—I can not concur with my learned brother WOODSON in the views he has taken on the motion to dismiss the appeal in this case. This motion was filed in this court by the firm of Henderson, Marshall & Becker, Attorneys, on August 15, 1910. With it are filed two exhibits. The first is claimed to be a copy of a resolution adopted by the board of directors of the Continental Assurance Company on August 10, 1910, and is certified to by C. J. Lang, who signs himself as secretary of the corporation. The other is a conglomeration of resolutions, elections, and conversations, signed and certified to by nobody. However, there is a form of an affidavit thereto signed by one William H. Corcoran, but no oath was ever taken by Mr. Corcoran and no official name or jurat follows his signature. Mr. Corcoran does not purport to be an officer of the company in charge of the records thereof, nor an officer at all. By reading this conglomerated mass one would get the idea that he was a stenographer who took down all that was done and said whilst some of the directors of the company were together on the 29th day of August, 1910. The purported resolution first mentioned says that the firm of Henderson, Marshall & Becker are authorized to dismiss the appeal in this case. This is all that appears on file on the part of the movents to sustain the right of these attorneys to represent the company. On the same day there was filed objections in opposition to this motion. These suggestions cover some ten typewritten pages, and are signed by Selden P. Spencer, as attorney for the Continental Assurance Company and by Grant Gil-

lespie as "General Counsel of Continental Assurance Company," together with counsel for the individuals.

These suggestions and the facts therein contained are sworn to by three persons, i. e., H. B. Gardner, W. H. Thompson and Grant Gillespie.

These suggestions protest against the right of Henderson, Marshall & Becker to represent the Continental Assurance Company. These sworn suggestions challenge the several meetings of the directors, and the things done thereat, including the authority claimed to have been given Henderson, Marshall & Becker, on the ground, among others, that there was no legal quorum at such meetings, and, as to one of the meetings, on the further ground, that it was a called or special meeting, and only a part of the directors were notified of the meeting. Thus stands the record on this motion. The motion itself is set out in Judge Woodson's opinion.

I. Both Selden P. Spencer and Henderson, Marshall & Becker appeared in this court. Each claimed to represent the company. Each challenged the authority of the other. As to the presumptions which accompany the appearance of a regular licensed attorney in this court as representing a client, the presumptions are equal in this case. Messrs. Henderson, Marshall & Becker so recognized the law and to turn the scales to their side filed the two instruments above described in our short statement of facts. Mr. Spencer retorts with the affidavit of three persons to the effect that there was no quorum at the meetings at which this authority was given to Henderson, Marshall & Becker and at which Mr. Spencer was claimed to have been discharged. Under this state of the record it is unfair to counsel for this court to say that one has the authority and the other has not, without the taking of testimony upon the disputed fact. In oral argument it was so contended by Judge Spencer. The purported transcript of the alleged meeting of July 29th, at

which time Judge Spencer is said to have been discharged, and Grant Gillespie as general counsel is said to have been discharged, can not be considered at all, because it is neither certified nor verified. So that upon this ground the motion should not be sustained without further proof of the facts. This is the third ground of the motion as set out in Judge Woodson's opinion.

II.  The only other ground of serious moment is the second ground wherein the sufficiency of the affidavit is questioned. In this connection we only desire to submit the affidavit, because it speaks for itself. The affidavit reads:

"State of Missouri, } ss.
City of St. Louis. }

"Harry B. Gardner, Fiscal *Agent and Secretary* of the Continental Assurance Company of America, acting on behalf of said company, W. H. Thompson, *Treasurer* of said Continental Assurance Company of America, acting on behalf of said company, Harry B. Gardner, W. H. Thompson and Grant Gillespie, each being duly sworn, makes oath and says, that the appeal prayed for in the above entitled cause from the order refusing to revoke the interlocutory order appointing a receiver is not made for vexation or delay, but because the affiants believe that the appellants are aggrieved by the said action, judgment and decision of said court.

"Harry B. Gardner, Secretary and Fiscal Agent Continental Assurance Company of America.

"H. B. Gardner.

"Grant Gillespie.

"W. H. Thompson, Treasurer of Continental Assurance Company of America.

"W. H. Thompson.

"Subscribed and sworn to before me, this 20th day of July, 1910.

"My term expires December 20th, 1912.

"Shepard R. Evans,

Notary Public within and for the City of St. Louis, Mo."

The point made is that the affidavit does not aver that the affiants are the agents of the company. A reading of the foregoing shows that the contention is not well founded. It shows that both the secretary and treasurer of the company made the affidavit for the company. Not only so, it shows that the fiscal *agent* made the affidavit for the company. As to this ground the motion should be overruled.

III. As to the first and fourth grounds of the motion, they are dependent solely upon proof, and sufficient proof is not here in support thereof. These two points under present conditions should be overruled.

Going to the fifth ground it is sufficient to say that it does not attack the appeal of the company, and we will not at this time discuss the rights of the individual defendants.

Being satisfied that my brother WOODSON is in error in his opinion, I respectfully dissent therefrom for the reasons aforesaid. *Lamm, J.,* concurs in these views.