MAGGIE E. MUNHALL, Appellant, v. S. DUF-
FIELD MITCHELL et al., Respondents.

Springfield Court of Appeals, February 24, 1914.

1. ATTORNEY AND CLIENT: Authority for Attorney's Appear-
ance: Court May Inquire as to. An attorney appearing in a
*scire facias* to renew a judgment lien need not file a warrant of
attorney (Sec. 1728, R. S. 1909), yet the court may, when it has
reasonable ground to apprehend that the attorney has no au-
thority, inquire into the question either on its own motion or
when properly raised by the opponent.

2. ————: Authority to Act: Presumption. The presumption of
right acting and having authority to appear in the conduct of a
litigation is with the attorney until overcome.

3. ————: Motion Questioning Authority: Nature of Proceeding.
The hearing of a motion which questions the authority of an
attorney is more in the nature of an investigation than of a
trial and need not be conducted according to the strict rules
of evidence.

4. ————: Questioning Attorney's Authority: Cannot be Done by
Answer. An answer is not the proper manner of questioning the
authority of an attorney to act in a proceeding.

5. ————: Attorney's Authority: Question as to. The party for
whom an attorney purports to act has the right at any time
to question his authority and the court must thereupon deter-
mine the matter. And if the court from any reason becomes
doubtful of the attorney's authority, it has the inherent power
to call for proof of same at its discretion.

6. ————: ————: ————: Review. In a *scire facias* to renew a
judgment lien circumstances and evidence concerning attor-
ney's authority to appear, reviewed and *held* not sufficient to
show such authority.

7. ————: ————: Proof. An attorney is best able to show that
he has authority to act for his client, and where such authority
is questioned and the attorney claims to be in possession of a
letter from his client conveying such authority but declines
to produce same, he cannot complain of the court's finding that
he was without such authority.

8. APPEAL AND ERROR: Review of Trial Court's Decision: Ex-
ceptions: Motion for New Trial. Before the appellate court

will review the decision of the trial court made during the progress of the cause, exceptions must have been taken at the time the rulings were made and the trial court's attention must be again called thereto in a motion for new trial.

Appeal from Jasper County Circuit Court. Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*H. T. Harrison* for appellant.

(1) An attorney at law is an officer of the court, and is not required to produce a warrant of attorney in any case pending in the court. His professional obligations raises the presumption that he has such authority. State ex rel., Ponath v. Muench, 230 Mo. 236. S. C. 130 S. W. Rep., 282, and authorities cited. Sec. 1728, R. S. 1909; State ex rel. v. Crumb, 157 Mo. 557; Miller v. Continental Assur. Co., 233 Mo. 91. (2) The burden of proof rests upon the person who denies the attorney's authority. Week.'s, Atty's. sec. 344; Ring v. Glass Co., 46 Mo. App. 374; Valle v. Picton, 91 Mo. 207; Bonnifield v. Thorp, 71 Fed. 924. (3) The authority of an attorney to appear in an action will be presumed until the contrary is shown. Norberg v. Heineman, (Mich.) 26 N. W. 481; Schlitz v. Meyer, (Wis.) 21 N. W. 243; Pressley v. Lamb, (Ind.) 4 N. E. 682. Boston Tunnel Co. v. McKenzie, 67 Cal. 485; 8 Pac. 22; Reynolds v. Fleming, 30 Kan. 106; 1 Pac. 61. (4) The evidence shows that when the employment was made Pennock Hart was disclosed as the principal. And his letter dated the 13th of March, 1913, left no doubt as to who the principal was, and for whom the attorney was acting. Said letter being competent and legal evidence should have been admitted in evidence and the motion to quash the writ and dismiss the proceedings should have been overruled.

*J. H. & W. E. Bailey* and *Thomas & Hackney* for respondents.

(1) A sufficient affidavit for appeal is necessary to confer jurisdistion on the appellate court. Ironworks Company v. Lead & Zinc Co., 126 Mo. App. 238, and cases therein cited. (2) Since the Act of Legislature approved March 7, 1907, amending what was then Sec. 3748 of the Revised Statutes of 1899, an assignee of a judgment became the proper party plaintiff in a *scire facias* to revive a judgment. Session Laws of 1907, 320; R. S. 1909, Sec. 2159; Rayburn v. Handlan, 165 Mo. App. 412; R. S. 1909, Sec. 729. (3) The party to a judgment to be benefited by an appeal should join in it and unless so joining he has no standing in the appellate court. Freeman v. McCrite, 165 Mo. App. 1. (4) The assignee is the only proper person to maintain an action on a judgment or to sue out *scire facias* for its revival. 2 Black on Judgments, 951; Wonderly v. LaFayette Co., 74 Fed. 702; Edmonds v. Montgomery, 1 Iowa 829; Charles v. Hasking, 11 Iowa, 829; Steele v. Thompson, 62 Ala. 323; Moore v. Norwell, 94 N. C. 265; Clark v. Biggess, 5 Gill 109. (5) To establish the relation of attorney and client, the attorney must agree to be the attorney of the party and the party must agree to have the other for an attorney, otherwise there is no contract or employment. West v. Freeman, 69 App. 682. This being the case it became and was the duty of the court on this state of facts appearing to quash the writ and dismiss the case. (6) A suit commenced by an attorney without authority may be dismissed on motion of the defendant. Cemetery Association v. McCune, 119, Mo. App. 349; Valle v. Picton, 91 Mo. 207; Robinson v. Robinson, 32 Mo. App. 88; Frye v. Calhoun County, 14 Ill. 132; Lindheim v. Manhattan Ry. Co., 68 Hunn. 122; Prentiss v. Kelly, 41 Me. 436; 4 Cyc. 930; New York City Commissioners v. Purdy, 36 Barber 266; Manchester Bank v. Fellows, 28 N. H. 302; Vincent v.

Vanderbilt, 10 Howard Prac. 324; Hirsch v. Fleming, 77 Ga. 594.

FARRINGTON, J.—On July the sixth, 1912, an application was made by attorney H. T. Harrison to the circuit court of Jasper county for a writ of *scire facias* to renew the lien of a judgment rendered on July the tenth, 1909, in a suit of Maggie E. Hunhall, plaintiff, against S. Duffield Mitchell, defendant, praying that the lien of said judgment be revived against the real estate of S. Duffield Mitchell, and that the writ of *scire facias* issue to said Mitchell and to his terre-tenants, W. S. Crane, W. B. Kane, and J. C. Miller. The amount of the judgment sought to be revived was $2849.64. The writ was issued as prayed. Mitchell made no answer. Miller answered, setting up that the judgment and costs had been fully paid and no longer constituted a lien against the property he had leased. Kane in his answer denied that he was Mitchell's tenant or that he was in possession of any real estate belonging to Mitchell or any effected by the judgment of Maggie E. Munhall. Crane answered, denying the allegations of the writ. The reply admits that the costs had been paid, but avers that no part of the judgment was satisfied, and denies the new matter set up in the separate answer of Miller.

On the seventh day of March, 1913, the following motion was filed by the terre-tenants:

"Now at this day comes W. S. Crane, W. B. Kane and J. C. Miller, terre-tenants of the defendant, S. Duffield Mitchell, and moves the court to quash the *scire facias*, issued by this court in the above-entitled cause, and to dismiss the proceedings therein for the following reasons, to-wit: First, that the suing out of the *scire facias* was wholly unauthorized by the plaintiff, Maggie E. Munhall, or by any assignee of said plaintiff, holding any right or title or assign-

ment to said judgment. Second, that said *scire facias* proceedings were issued at the instance and request of the defendant, S. Duffield Mitchell, and was then and there issued at his request without any authority or request of said plaintiff, Maggie E. Munhall, or at the request or instance of any assignee of said plaintiff holding any right or title thereto.''

On the tenth day of March, thereafter, the court heard evidence on the motion and sustained the same and dismissed the *scire facias* proceeding. At this hearing, the record shows that plaintiff introduced the judgment originally entered and proved a written assignment thereof from Maggie E. Munhall to one Pennock Hart, the acknowledgment of which assignment shows that it as made in Allegheny county, Pennsylvania. With this, plaintiff rested. On the part of the terre-tenants, H. T. Harrison, the attorney appearing in this cause for the plaintiff, as sworn, and as his testimony is brief, we set it forth in full:

''Q. Who first employed you to bring this *scire facias* proceeding? A. Hart, as I understood it. Q. Did you see him? A. No, sir. Q. Did you have a letter from him? A. I did not. Q. Did you ever see Maggie E. Munhall? A. No, sir. Q. Now, is it not a fact that Mr. Mitchell came to you in reference to it? A. Yes, sir; representing that he had word from Mr. Hart to get somebody to revive the judgment. Q. You mean S. Duffield Mitchell? A. Yes, sir. Q. Did he ask you to have revived any other numerous judgments that were pending against him? A. No, sir; this is the only judgment he spoke of on behalf of Mr. Hart.'' This was all the evidence introduced.

In plaintiff's motion for a new trial, among other grounds, is the following: ''5th. Because the court erred in sustaining said motion to quash and excluding from the evidence before the motion was finally passed upon, the following letter, to-wit:

'Pittsburg, Pa., March 13, 1913.
'Mr. H. T. Harrison,
   'Carthage, Mo.
'Dear Sir:
   'You are hereby authorized by me to revive the judgment of Maggie E. Munhall v. S. Duffield Mitchell, and take all steps necessary to protect my interests in the matter.

'Yours truly,<br>'PENNOCK HART.' "

The motion for a new trial being overruled, an appeal was prosecuted in the name of Maggie E. Munhall.

The circuit court evidently concluded that attorney H. T. Harrison was without authority from the person having the right to revive the lien of the judgment. The question for our consideration is whether, under the evidence, the circuit court committed reversible error in sustaining the terre-tenants' motion to quash the writ and dismiss the proceeding.

It is no longer necessary in Missouri for a lawyer to file a warrant of attorney when appearing in litigation of this character. [Sec. 1728, R. S. 1909.] And we are referred by appellant's counsel to cases holding that an attorney at law is presumed to have authority to represent those for whom he purports to act, and, being an officer of the court, is not required to produce a warrant of attorney. [See, State ex rel. Ponath v. Muench, 230 Mo. 236, 130 S. W. 282; Miller v. Assurance Co., 233 Mo. 91, 134 S. W. 1003; Valle v. Picton, 91 Mo. 207, 3 S. W. 860; Ring v. Paint and Glass Co., 46 Mo. App. 374; Keith v. Wilson, 6 Mo. 435; Osborn v. U. S. Bank, 9 Wheat. 738; Bonnifield v. Thorp, 71 Fed. 924.] It is held in some of these cases that an affidavit on mere belief that an attorney has no authority is insufficient to warrant the court in going into the question. We are cited by appellant to the case of State ex rel. Public Schools v. Crumb, 157

Mo. l. c. 557, 57 S. W. 1030, which, according to the language used, would seem to hold that no one may question the right of an attorney to appear in this character of litigation except the party for whom he purports to act. However, our attention has been called to the case of Miller v. Assurance Co., 233 Mo. 91, 134 S. W. 1003, in which the Supreme Court clearly recognizes the right of a court, when it has reasonable grounds to apprehend that an attorney has no authority, to inquire into the question on its own motion or when properly raised by the opponent. In other words, it recognizes the rule as declared in 4 Cyc. 929 to the effect that a court in its discretion may at any time call for proof of the attorney's authority when it sees fit to do so. It is shown in the text that this rule is followed in many jurisdictions. [See, Tally v. Reynolds, 1 Ark. 99; McAlexander v. Wright, 3 T. B. Mon. (Ky.), 189; McKiernan v. Patrick, 4 How. (Miss.) 333; San Francisco Sav. Union v. Long, (Cal.) 55 Pac. 708; Belt v. Wilson's Administrator, 6 J. J. Marsh (Ky.) 495; Hollins v. St. Louis & C. Ry. Co., 11 N. Y. Suppl. 27; Colorado Coal & Iron Co. v. Carpita, (Colo. App.) 40 Pac. 248.] That the rule stated is followed in Missouri is manifest upon reading the case of Keith v. Wilson, 6 Mo. 435, where it is held that a suit instituted without any authority from the person in whose name it is conducted should be dismissed, and that upon a suitable suggestion of facts, the attorney will be required to show some authority either verbal or written, for conducting the suit. The hearing of a motion of this character is more in the nature of an investigation than a trial and need not be conducted according to the strict rules of evidence. Weeks on Attorneys, Sec. 195. The presumption of right acting and having the authority is with the attorney until overcome. [Valle v. Picton, 91 Mo. 207, 3 S. W. 860.]

In the case at bar, the motion not only charged that the attorney had no authority from any one own-

ing the judgment and having a right to ask for the writ of *scire facias,* but charged also that the *scire facias* proceeding was instituted at the instance and request of the defendant in the original judgment, and that said defendant had no authority from the owner to have the lien renewed.

The case of Robinson v. Robinson, 32 Mo. App. 88, clearly shows that the authority of an attorney may be properly questioned, but holds that it could not be done by an answer. [See, also, Barkley Cemetery Association v. McCune, 119 Mo. App. 349, 95 S. W. 295.]

We gather from the decisions that the true rule is that the party for whom an attorney purports to act has the right at any time to question his authority and the court must thereupon determine the matter; and that if from any source, whether from the opponent or an entire stranger, the court becomes doubtful of the attorney's authority, it has the inherent power to call for proof of the same. In the latter instance it is largely a matter of discretion with the court as to making the inquiry at all. The appellate court will only review an abuse of such discretion.

In this case, the averments in the motion filed were of sufficient weight to warrant the court in making inquiry, and on the inquiry it developed by the testimony of the attorney whose power was questioned that he never had any direct communication from the party for whom he purported to act. The most that can be said is that he was acting on the suggestion of S. Duffield Mitchell whose interests were antagonistic to those of the party the attorney claimed to represent. The motion was filed on the seventh of March and the evidence thereon heard on the tenth of March and no final judgment was entered until the twenty-ninth of March, during which time the attorney made no further effort to establish his authority although aware that it had been directly challenged and that the question had been taken under advisement. We think the court was

amply justified in finding that he really had no authority from the person who had a right to institute and prosecute this litigation. When the authority of an attorney to represent one party is shown to come solely from his adversary, a prima-facie case of want of authority is shown. [Keith v. Wilson, 6 Mo. 435, 440.]

Courts should act slowly in questioning the authority of attorneys who appear in litigation, and ordinarily it is taken for granted that the attorney is in fact the properly constituted representative of the litigant whose rights are being tested. In this case, however, the motion filed not only denied the authority of the attorney to act for the real party in interest, but charged that his activity was instigated by one presumptively opposed to the real party in interest, and this question was raised by third parties whose rights and property might be seriously effected. In many instances, the court is justified in assuming that the authority exists and no reversible error is committed in relying upon the presumption that prevails. But where notice comes to the court which warrants an inquiry, we think the attorney who is best able to show his authority and who fails to produce it although given reasonable opportunity to do so, choosing to rely solely upon the presumption that surrounds him, complains with little grace when the court upon a full hearing decides against his authority; and this is not saying that the burden of proof is on him.

Now it is true that in plaintiff's motion for a new trial, as we have stated, there is set out what purports to be a copy of a letter dated at Pittsburg, Pennsylvania, March 13, 1913. According to the record here, this letter was not offered in evidence and was not exhibited to or in the court either on or before the ruling on the motion for new trial. The allegation in the motion for new trial does not prove itself. From the date of the letter and the usual course of mail, we know

that this letter should have been in the hands of the attorney before the motion to dismiss was passed on. Why he did not offer it in evidence we know not. There is no evidence and no offer to show that the attorney received such a letter. Hence the fifth ground in the motion for new trial was entirely unjustified and unproved and will not be considered on appeal. Numerous decisions in this State uphold the general rule stated in the case of City of St. Louis v. Brooks, 107 Mo. 1. c. 383, 18 S. W. 22, as follows: "To enable this court to review the decision of the trial court made during the progress of a cause two things are essential: *First,* exceptions must be taken at the time the rulings are made. They need not then be written out, but they must be noted at the time. *Second,* the attention of the court must be again called to them in a motion for a new trial."

For the reasons herein appearing the judgment is affirmed. *Sturgis, J.,* concurs. *Robertson, P. J.,* not sitting.