321 A.2d 294.

IN RE 125 CRIMINAL APPEALS.

JUNE 26, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. In September of 1970, Mr. Aram K. Berberian, a practicing attorney and member of the Rhode Island Bar, hereinafter sometimes referred to as counsel, complained that there were over 100 cases pending in Kent County Superior Court involving as defendants approximately 200 persons whom he represented, and demanded a speedy trial on their behalf. As a result of that com-

plaint, the Presiding Justice of the Superior Court and the Chief Justice of the Supreme Court assigned an extra Superior Court justice to Kent County to concentrate on this matter. All of these cases originated in the District Court, most of them involved traffic offenses, all resulted in guilty findings, and all were appealed to the Superior Court pursuant to §12-22-1.[1]

On February 18, 1971, after finding that General Finance Corporation, the surety, lacked authority to issue surety, indemnity or bail bonds, the trial justice issued an order revoking the bail bonds given with surety to secure release pending appeal pursuant to §12-22-4[2] of 56 defendants. The order allowed defendants until February 26, 1971, to furnish the clerk of the Kent County Superior Court either

---

[1] At the time these appeals were taken, G. L. 1956 (1969 Reenactment) §12-22-1 read as follows:

"12-22-1. Right to appeal from district to superior court.—Every person aggrieved by the sentence of any district court for any offense may, within five (5) days after such sentence, appeal therefrom to the superior court for the county in which said district court is established, by claiming an appeal in the court or in the office of the clerk of the court appealed from, or at any of the penal institutions of the state, before any justice of the supreme or superior court, or before the justice or clerk of the court appealed from, or before any of the persons authorized to take bail at said penal institutions."

[2] General Laws 1956 (1969 Reenactment) §12-22-4 reads as follows:

"12-22-4. Giving of recognizance for discharge pending appeal.—Upon a claim of appeal from the sentence of a district court, the appellant, in order to be discharged from immediate imprisonment upon such sentence, shall enter into a recognizance before one (1) of the persons before whom an appeal may be claimed, in the sum fixed by the court as aforesaid, with or without surety or sureties to the satisfaction of the person taking such recognizance, conditioned that the appellant shall appear in the superior court upon the assignment day for said appeal, the exact date of said assignment day to be stated in said recognizance, and whenever his appeal is called for trial, and there prosecute said appeal with effect, and abide or perform the order or sentence which the superior court may make or impose in such case, and that he will in the meantime keep the peace."

a cash bond or a bond with surety acceptable to both the Attorney General and the court in the same amount as that fixed by the District Court. If the appropriate bonds were not filed by the time specified, the appeals of defendants were to be dismissed and the fines imposed by the District Court, plus costs, were to be paid by defendants. On March 1, 1971, the court denied and dismissed the 63 appeals of the 56 defendants for failure to provide cash bond or bond with surety as directed by the order of February 18, 1971.

On March 23, 1971, counsel filed motions to dismiss 167 of these appeals for lack of speedy trial. The court issued an order that these motions be set for hearing on April 5, 1971, to determine whether any of the 167 cases were closed, whether counsel actually represented all of these defendants, and whether defendants authorized their appeals. Mr. Berberian was to notify all of these defendants to be present at the hearing on April 5. The clerk of the court also sent out notices to defendants to be present.

On April 5, 1971, the hearing for the 167 motions to dismiss was held. Very few of defendants appeared. Therefore, further hearings were scheduled for April 19 through April 23, 1971. The court claimed that counsel sent post cards to each defendant telling him not to appear.

On April 15, 1971, counsel filed bills of exceptions[3] to the dismissal of the appeals of 56 defendants for failure to provide surety.

From April 19 through April 23, 1971, the postponed hearings for the 167 defendants were held. The clerk had sent them second notices to appear. Once again defendants did not appear, although counsel claimed that his office,

---

[3]As of September 1, 1972, appellate review is taken by appeal rather than by bill of exceptions. Supreme Court Rule 4(b); Super. R. Crim. P. 51. We will therefore consider defendants' bills of exceptions as appeals.

without his personal knowledge, sent notices to defendants to appear as directed by the trial justice.

On May 3, 1971, the trial justice allowed the bills of exceptions to the dismissal of the 63 appeals of the 56 defendants for failure to provide surety.

On May 5, 1971, the trial justice issued an order which denied the motions to dismiss for lack of speedy trial, divided defendants into four groups, and assigned to each group the following reasons for the denial of the motions to dismiss:

### Group 1

Motions to dismiss denied since defendants did not appear at any of the hearings on April 5, 1971, nor at hearings from April 19 through 23, 1971, to show that they authorized counsel to represent them or that they sanctioned his filing of the motions to dismiss.

### Group 2

Motions to dismiss denied since they were filed after the appeals had been assigned for trial.

### Group 3

Motions to dismiss denied because these appeals were dismissed on March 1, 1971, and/or March 19, 1971. In some cases, defendants had already paid the fines and costs imposed by the District Court. In others, the motions to dismiss were filed after the appeals had been dismissed.

### Group 4

Motions to dismiss denied in the cases of four defendants because their cases had been closed long before the motions to dismiss were filed.

On May 11, 1971, the trial justice denied and dismissed the 62 appeals of the 49 defendants in group 1, on the ground that no satisfactory evidence that Mr. Berberian represented defendants had been presented to the court.

These defendants prosecuted bills of exceptions to the denial and dismissal of their appeals, which were joined with the bills of exceptions to the denial and dismissal of the appeals of 56 other defendants for failure to provide surety.

In 101 of these 125 appeals, defendants took exception to the denial of their pleas in abatement in which they contended that a violation of the motor vehicle code could conceivably result in a prison sentence of more than one year and thus would be a felony necessitating indictment by the grand jury. Although defendants briefed this issue, it was withdrawn by their counsel at oral argument and is deemed waived.

Fifty-six defendants, after being adjudged guilty in District Court, appealed their cases to the Superior Court pursuant to §12-22-1. None of defendants paid the fines imposed upon them in District Court, but rather they posted an appeal bond with surety provided by General Finance Corporation. On February 18, 1971, the court issued an order revoking the appeal bonds with surety because General Finance Corporation had no authority to issue surety, indemnity or bail bonds, and ordering defendants to furnish the clerk of the Kent County Superior Court either a cash bond or surety acceptable to the Attorney General and the court within one week. Upon defendants' failure to do so, the court denied and dismissed their appeals.

The defendants argue that the giving of recognizance for discharge pending appeal pursuant to §12-22-4 is not required for the claim and certification of such an appeal. We agree. *Pickett* v. *Conley,* 87 R. I. 21, 137 A.2d 408 (1958).

Section 12-13-11, as amended by P.L. 1969, ch. 239, sec. 20, provides the procedure that the trial justice should have followed:

"New or additional recognizance.—Whenever in any criminal case a defendant is required to recognize with surety or sureties, or has given a recognizance in such case, any justice of the district court, when the complaint is pending in said court or such person is held to answer to said court, or any justice of the superior court, may, on motion of the attorney-general, require such defendant to be brought before such justice to show cause why he should not be required to give a new recognizance with surety or sureties in place of the one already required or given, and such justice in his discretion, if good cause be shown therefor, may require such defendant to give, in place of such recognizance already given or required, a new recognizance in the same sum as that originally required or given with other and sufficient surety or sureties, or to give a new recognizance with surety or sureties in a different sum than that originally required or given, as to such justice may seem reasonable, to do and to perform the conditions of the recognizance already given or required. In case such defendant shall fail to give such new recognizance required of him he shall forthwith be committed to the penal institution to which he would have been committed if he had failed to give the recognizance originally required of him, there to remain until he shall give such new recognizance as required of him before some justice or person authorized to take the same, or until he shall be discharged pursuant to law."

The trial justice therefore erred when he dismissed the appeals.

On March 23, 1971, a motion was filed to dismiss 167 of these appeals for lack of a speedy trial. The court issued an order that these motions be set for hearing on April 5, 1971, and directed counsel and the clerk of the Kent County Superior Court to notify each of defendants to be present at the hearing so that the court might determine whether they authorized Mr. Berberian to represent them and whether they authorized their appeals. A few

of those notified appeared, and testified that they were not represented by Mr. Berberian. None of the others appeared, and the court found that Mr. Berberian had notified each of defendants not to be present at the hearing.

The trial justice continued the hearings until April 19—23, 1971, and directed Mr. Berberian to notify defendants to be present at that time. The trial justice stated that this was necessary because he was of the opinion that Mr. Berberian no longer was attorney for some of defendants and/or that some of defendants had no knowledge of the motion to dismiss filed on their behalf and had neither approved nor acquiesced in the action purportedly taken on their behalf. The clerk of the court sent second notices by mail to defendants. Once again, none of defendants appeared, although counsel stated that his office sent the required notices but without his personal knowledge.

On May 5, 1971, the court denied the 167 motions to dismiss; it denied approximately 62 of them involving 49 defendants because no satisfactory evidence was presented to the court to show that they authorized Mr. Berberian to represent them or that they authorized his filing of the motions to dismiss. On May 11, 1971, the court denied and dismissed the appeals of these 49 defendants because there was no satisfactory evidence to show that Mr. Berberian represented them.

There is a strong presumption, where a licensed and practicing attorney appears for a party in a court of record, that the attorney is duly authorized to appear and represent such party. *New England Transp. Co.* v. *Doorley*, 60 R. I. 50, 197 A. 205 (1958). We do not question the power of the court to investigate and determine by what authority an attorney acts for a client whom he professes to represent. However, when that question is properly raised or whenever the court of its own motion has reason-

able grounds to believe that such authority does not exist, the burden is on the party raising that question to rebut the presumption.

In this case, except for those appeals where the defendants either notified the court or actually appeared to inform the court that Mr. Berberian did not represent them, there is no direct evidence to rebut the presumption that counsel was duly authorized to represent the remaining defendants. The court stated as its reason for dismissal of the appeals that "[n]o satisfactory evidence has been presented to the court that Aram K. Berberian, Esq. now represents the defendants * * *." This lack of evidence, in our opinion, is not sufficient to rebut the strong presumption that exists that counsel is authorized to represent the defendants.

The appeals of the defendants are sustained, and the cases are remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

Mr. Justice Joslin concurs in the result.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward Di Pippo,* Special Asst. Attorney General, for plaintiff.

*Berberian and Tanenbaum, Aram K. Berberian,* for defendants.